## WILLIAMS v. LONGAN.

### Opinion delivered December 3, 1917.

1. ASSIGNMENT FOR BENEFIT OF CREDITORS—REVOCATION.—A claim assigned upon condition that the assignee collect it and pay the proceeds to certain creditors of the assignor, who knew of the transaction and accepted it presumptively, cannot be revoked.
2. SAME—CREDITOR'S RIGHTS—A debtor assigned a claim, the assignor to collect it and pay the proceeds to certain creditors including the assignee; *held,* when the assignee returned to the debtor all over the amount due to himself, he is liable to a creditor, if the amount collected is less than the sum of the claims, for the creditor's proportional part only, the assignee sharing like other creditors.

Appeal from Benton Chancery Court; *B. F. McMahan,* Chancellor; reversed.

*Dick Rice,* for appellant.

1. The complaint stated an action at law merely for money had and received. A court of equity had no jurisdiction.

2. But if the court had jurisdiction it was error to render a judgment against him for the *assignment* so-called was revoked by Mrs. Sullivan and said revocation was encouraged and consented to by plaintiffs, and he was thereby released. Appellant never collected any of the insurance money belonging to plaintiffs.

2. The judgment is excessive and plaintiffs are estopped.

*F. G. Lindsey* and *W. A. Dickson,* for appellees.

1. The assignment was irrevocable. There was a power coupled with an interest, for a valuable consideration. 31 Cyc. 1051; 2 Ark. 4; 11 *Id.* 58.

2. The judgment is not excessive and should stand.

SMITH, J. Two separate suits were instituted against appellant, and as they contained substantially similar allegations they were consolidated and tried together. The allegations of the complaint are that one Ida M. Sullivan was engaged in the mercantile business in Sulphur Springs, Arkansas; that her store was destroyed by fire; that her merchandise was insured for $6,000; and that she assigned and conveyed to appellant said insurance policies by a written assignment, conditioned that appellant should collect said insurance, and pay to the plaintiffs the sum due each of them towit: $500 and the interest thereon, and should also pay to other creditors therein named her indebtedness to them; and that, in compliance with said written assignment, appellant instituted suit on said policies to enforce the collection thereof, and compromised said litigation and received the face of said policies in cash, and had thereafter refused to pay the plaintiffs the money due them. There was a prayer for an accounting and for judgment.

A demurrer was filed to each of the complaints, on the ground that neither stated a cause of action. The demurrers were overruled, and an answer was filed, in which it was alleged that Mrs. Sullivan had revoked the agency which she had given appellant to collect said policies, and that the suits thereon had been compromised and settled, and that Mrs. Sullivan had paid him only the money due him and had retained the remainder for disbursement among her creditors, less the amount of her exemptions.

The assignment referred to was offered in evidence, and it appears from its recitals that it covered only the

policies and did not include any other property of the assignor and that it authorized appellant to bring suit on said policies or to compromise and settle the claims based thereon, and direction was given to pay the creditors of Mrs. Sullivan, appellees being among those specifically mentioned.

Mrs. Sullivan's husband and son were indicted for burning the property covered by the policies, and appellant and appellees Longan and Young were employed by her to defend these indictments. Those defendants were acquitted, but the insurance companies denied liability under the policies and resisted payment, and it became necessary to bring the suits as provided in the assignment. Certain creditors in Chicago and elsewhere garnished the insurance companies, and when the claims against the insurance companies were adjusted, it was agreed, as a part of the settlement of those claims, that the insurance companies should settle the judgments which had been obtained in the garnishment cases, and this was done. Thereafter there remained in the hands of the insurance companies the sum of $2,669.78, and this sum was covered by checks, which were made payable to Mrs. Sullivan and appellant jointly. When the checks were received, Mrs. Sullivan "revoked the agency," as appellant expressed it, and paid him the sum due him, and retained the balance to be disbursed·by her less her exemptions. She did not pay appellees, and this suit was brought under the assignment. Appellees knew of this assignment and relied upon it for the payment of their demands.

The court made no attempt to ascertain the amount due other creditors, but held appellant liable for the full amount of the claims of appellees and rendered judgment accordingly.

We do not know from the record before us what action has been taken by other creditors named in the assignment.

Appellant seeks a reversal of this decree upon several grounds. First, that his demurrer should have been sustained; second, that he received from Mrs. Sullivan only the sum due him and that he should not be charged with money which he did not receive; and, finally, that, if liable at all, he should be held responsible to appellees only for their pro rata part of the money which remained in Mrs. Sullivan's hands after the indebtedness due him had been paid. We will discuss these questions in the order named.

The demurrer was properly overruled for this is a suit to require a trustee to account for funds which he should have disbursed.

The principal question in the case is the second one named. That is whether or not, as appellant contends, the writing referred to above as an assignment, was a mere agency, which was revocable at will. We think that the instrument should not be so construed. It was an assignment, made for the benefit of the creditors named, and its existence was known to and accepted by them. Out of it they expected to be paid the indebtedness due them. But, at any rate, it was not a mere appointment of an agent for the performance of a specific service. It was an assignment for the benefit of the creditors named, and as its provisions were beneficial to these creditors, an acceptance upon their part will be presumed. Thereafter Mrs. Sullivan had no right to revoke this instrument, and appellant should have proceeded to disburse the money as he was therein directed.

The court erred, however, in rendering judgment against appellant for the full amount of appellee's claims. To hold him liable for the full amount of these claims would impose upon him liability which will exceed the total sum which came into his hands. His action in compromising and settling the insurance policies is not questioned by any one, and, while the record is silent on the subject, we must indulge the presumption that the settlement was a proper one to make, especially in view of the

serious charge made against Mrs. Sullivan's husband and son, which, had it been sustained, would have entirely defeated the recovery of any sum on account of the policies. Certain attaching creditors have been paid in full by having their judgments satisfied; but it appears that the agreement to this effect was a part of the settlement under which the insurance companies paid to Mrs. Sullivan and to appellant the sum of money which we are now ordering disbursed. The sum paid appellant and Mrs. Sullivan must serve as the basis of the disbursement, because this is the sum which appellant should have received under the assignment and which he should have disbursed to the creditors there named; and if this sum was insufficient to pay all of the creditors named in the assignment in full, they should each receive their pro rata part. Appellant has, himself, received his demand in full, but he has no greater right than that of the other creditors named in the assignment. Like them, he should receive his pro rata share, but no more. We can not make this calculation here, because no finding was made by the court below as to the amount of the claims which should share in this disbursement.

Appellant contends that he should be held liable only for appellee's pro rata part of the sum of money which he paid Mrs. Sullivan after deducting the sum due himself. But this can not be correct, because a disbursement made on that basis would result in giving appellant his demands in full, while appellees would get, proportionately, a smaller share of their own claims.

The decree of the court below will be reversed and the cause remanded with directions to ascertain the amount due the creditors named in the assignment and the proportionate part which the sum collected by Williams from the insurance companies would pay, and to render judgment in favor of appellees for their proportionate part of this amount.